

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 11, 1951

Hon. Darwin L. Wilder
County Attorney
Denton County
Denton, Texas

Opinion No. V-1366

Re: Maximum compensation
of the chairman and
the secretary of the
County Executive Com-
mittee under the new
election code.

Dear Mr. Wilder:

Your request for an opinion relating to
the maximum compensation of the chairman and the
secretary of a County Executive Committee under the
new Texas Election Code contains the following ques-
tion:

"May the secretary receive five per
cent of the primary budget, and the chair-
man also receive five per cent of the pri-
mary budget?"

Article 196 of the Texas Election Code
(H.B. 6, Acts 52nd Leg., R.S. 1951, ch. 492, p.
1097, at p. 1172) provides in part:

"The County Executive Committee may
name a secretary who is hereby authorized
to receive applications for a place on the
primary ballot and when so received the
application shall be officially filed. The
compensation allowed the secretary and the
chairman for their services shall in no
case exceed five per cent (5%) of the pri-
mary budget for that year."

Prior to the passage of the Texas Elec-
tion Code, the chairman of a county executive com-
mittee was not entitled to a salary or other compen-
sation for his services, except as provided by Arti-
cle 3022a, V.C.S., which allowed the county chairman
the same compensation per hour as allowed the pre-
cinct election judges for his services in receiving
and tabulating unofficial returns. Kauffman v. Parker,

99 S.W.2d 1074 (Tex. Civ. App. 1936); Small v. Parker, 119 S.W.2d 609 (Tex. Civ. App. 1938, error dism.); Att'y Gen. Op. O-4890 (1942). Small v. Parker also held that an expenditure for the hire of a stenographer for the county chairman was unauthorized.

Before the enactment of Article 196 of the Election Code, there was no statutory provision for the appointment of a secretary. The chairman was charged with the responsibility of receiving applications of candidates for places on the ballot for a primary election and of performing the necessary duties in connection with the filing of the applications. See Arts. 3112, 3113, V.C.S. Under the provisions of the Election Code, the chairman is still charged with these duties. See Art. 190, Election Code. However, under the provisions of Article 196, the executive committee may designate a secretary who is authorized to receive applications. It is seen that this latter statute authorizes the secretary, when appointed, to perform some of the duties which would otherwise be performed by the chairman. The appointment of a secretary is not mandatory, and the secretary does not perform any duties which would not be incumbent upon the chairman or the committee if a secretary were not named.

The purpose of the Legislature in passing the quoted provision of Article 196 of the Election Code was to provide compensation for the chairman and the secretary but at the same time to limit the compensation to a percentage of the total budget. The question for determination is whether the combined compensation of these two officers shall not exceed five per cent of the budget or whether the compensation of each officer separately shall not exceed five per cent.

If Article 196 were construed as authorizing compensation not to exceed five per cent of the budget to be paid to each of these officers, it would amount to saying that the appointment of a secretary to relieve the chairman of some of his duties could subject the candidates in the primary election to an additional five per cent filing fee for the performance of the same duties which would otherwise be performed by the chairman. In the

absence of clear language to that effect, we are of the opinion that the Legislature did not intend such a result. Had the Legislature intended to give the secretary and the chairman each five per cent of the total budget, it could have so specified, but the statute considers both of them together. It is our opinion that the statute limits the combined compensation of the secretary and the chairman to five per cent of the primary budget for the year.

### SUMMARY

The total of the compensation allowed the secretary and the chairman of the county executive committee under the new Texas Election Code may not exceed five per cent of the primary budget for that year. Art. 196, Texas Election Code (H.B. 6, Acts 52nd Leg., R.S. 1951, ch. 492, p. 1097, at p. 1172).

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Charles D. Mathews
First Assistant

RHH:mh

PRICE DANIEL
Attorney General

By Robert H. Hughes
Assistant